1
2
3
4
5
6
7

8      UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
9                AT TACOMA

10  JAMES C. WORSHAM,

11                 Plaintiff,                    CASE NO. 13-cv-05588 JRC

12          v.                                   ORDER ON PLAINTIFF'S
                                                 COMPLAINT
13  CAROLYN W. COLVIN, Acting
14  Commissioner of the Social Security
    Administration,
15
                   Defendant.
16

17      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18  Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19  Magistrate Judge and Consent Form, ECF No. 3; Consent to Proceed Before a United

20  States Magistrate Judge, ECF No. 4). This matter has been fully briefed (*see* ECF Nos.

21  11, 15, 16).

22      After considering and reviewing the record, the Court concludes that the ALJ's

23  finding that plaintiff's impairments did not meet or medically equal a Listed impairment
24

is not based on substantial evidence in the record as a whole because the record demonstrates the existence of specified symptoms and clinical findings.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for futher consideration of the medical evidence.

## BACKGROUND

Plaintiff, JAMES WORSHAM, was born in 1965 and was 40 years old on the alleged date of disability onset of January 22, 2006 (*see* Tr. 162). Plaintiff completed high school and some college courses (Tr. 47).   He served in the Navy and was honorably discharged (Tr. 64).  He has experience as a truck driver, a car salesman and managing a pawn shop (Tr. 47-54).

Plaintiff has at least the severe impairments of "lumbar degenerative disc disease with laminectomy and foraminotomy at L4-L5; thoracic degenerative disc disease; cervical degenerative disc disease; carpal tunnel syndrome; coronary artery disease; headaches; hyperlipidemia and obesity (20 CFR 404.1520(c))" (Tr. 22).

At the time of the hearing, plaintiff was living alone (Tr. 57).

## PROCEDURAL HISTORY

After filing an application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act (*see* Tr. 162-65; *see also* Tr. 88-90, 95-99), plaintiff's requested hearing was held before Administrative Law Judge Michael C. Blanton ("the ALJ") on January 31, 2012 (*see* Tr. 43-85). On February 8, 2012, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr.17-42).

In plaintiff's Opening Brief, plaintiff raises the following issues:  (1) Did the Commissioner err in determining that plaintiff did not suffer from the severe impairment of lumbar radiculopathy; (2) Did the Commissioner err in determining that plaintiff did not meet or equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (3) Did the Commissioner err in his evaluation of the medical evidence in discounting plaintiff's credibility; (4) Did the Commissioner err in his evaluation of the medical evidence in arriving at plaintiff's residual functional capacity assessment; and (5) Did the Commissioner err by relying on the testimony of a vocational expert which is inconsistent with the Dictionary of Occupational Titles (*see* ECF No. 11, p.2).

### STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

### DISCUSSION

**(1) Did the Commissioner err in determining that plaintiff did not suffer from the severe impairment of lumbar radiculopathy?**

Although defendant contends that the ALJ committed at most harmless error at step two of the sequential disability evaluation process by not finding that plaintiff's lumbar radiculopathy was severe and by not discussing separately this impairment, because the Court has concluded that this matter shall be reversed and remanded for

further evaluation of the step three determination regarding the Listings, *see infra*, section 2, and hence, the medical evidence must be evaluated anew, and for other reasons stated herein, *see supra*, section 2, plaintiff's lumbar radiculopathy should be discussed explicitly following remand of this matter.

> **(2)    Did the Commissioner err in determining that plaintiff did not meet or equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1?**

Regarding step three, the ALJ found as follows:

> The claimant's thoracic, cervical, and lumbar degenerative disc disease does not meet listing 1.04A because they are not associated with evidence of nerve root compression characterized by a neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss, and, in connection with the lumbar spine impairment, also a positive straight leg raising test (sitting and suppine).

(Tr. 25).

However, despite the ALJ's finding to the contrary, plaintiff has directed the Court to evidence in the record that plaintiff's degenerative disc disease and/or other impairments is associated with nerve root compression (*see* Tr. 1026-27, 1028, 1030), and the Court notes that some of this evidence specifically is associated with the lumbar radiculopathy that plaintiff complains was not adequately discussed by the ALJ when he failed to find this impairment to be severe, *see supra*, section 1. For example, the June 9, 2009 MRI results, interpreted by the radiologist, (subspecialty neuroradiology), indicate that plaintiff suffered from a "mild-to-moderate mass effect upon the exiting L4 nerve suggesting compromise of that neural structure, [for which he] recommend[ed]

correlation for left L4 radiculopathy" (*see* Tr. 1026-27; *see also* Tr. 1028, 1030 ("multifactorial evidence for severe tandem left neuroforaminal stenosis with probable compromise of the exiting left C8 nerve")).

Further, contrary to the ALJ's finding, plaintiff has directed the Court to evidence in plaintiff's medical record that his nerve root compression is characterized by neuro-anatomic distribution of pain (*see* Tr. 632 (on July 29, 2009, plaintiff presented with low back pain in the lower back midline with radiation bilaterally with radiating pain into the left buttock with associated pins and needles sensation throughout the posterior aspect of the thigh and lower left extending into the foot, followed by a medical recommendation that plaintiff "is unable to return to his job of injury"), Tr. 757 ( electrodiagnosic examination on February 19, 2009 was "Consistent with a left C7 radiculopathies"), Tr. 1020 (examiner noted L3, L4 and L5 distribution of pain, and drew rough diagram on chart on May 26, 2009), Tr. 1217 (April, 2012 note following examination that plaintiff potentially exhibited "decreased sensation more in an L5 distribution of the left lower extremity in the anterolateral aspect of the leg"); *see also*, Tr. 463 (abnormal neuroconduction velocity study, "consistent with left L5, left S1 radiculopathy"), Tr. 633-645); is characterized by limitation of motion of the spine, *e.g.*, active range of motion ("AROM") (Tr. 805 (goal of normal thoracic AROM to compensate for decreased AROM for lumbar spine was not met as of November 12, 2008), *see also* Tr. 473, 486, 487, 522, 541, 622, 797 ("plaintiff presents with decreased lumbar AROM"), Tr. 1221 (April 2, 2012 lumbar spine ROM was not within normal limits, with flexion 45 degrees, extension 15 degrees, and lateral flexion bilateral 15 degrees)); is characterized by motor

loss accompanied by sensory or reflex loss (*see* Tr. 991 ("loss of muscle tone" noted on February 19, 2009, along with "sensory loss"), Tr. 1221 (left bicep 4+/5 strength in April, 2012); *see also* Tr. 474 (checked boxes include "loss of muscle tone" and "sensory loss"), Tr. 486 ("Muscle stretch reflexes are diminished at the left medial hamstring and Achilles' tendons. Sensation is diminished at the left medial foot"), Tr. 521, 541, 1017, 622 ("Reflexes are 1+ at the patellae, 2+ at the Achilles on the right and 1+ on the left"), Tr. 652 ("sensation is slightly diminished to light touch on the left side in an S1 distribution below the knee level"), Tr. 959); and also, is characterized by a positive straight leg raising test (sitting and supine) (*see* Tr. 509 (May, 2006 "Left leg is strongly positive" for seated straight leg raise and positive for supine straight leg raise), Tr. 522 (for straight leg raise for both seated and supine, plaintiff's left leg was positive, and right leg was negative on April 7, 2006), Tr. 622 (in May, 2008, plaintiff's "straight leg raise test [was] provocative of radicular leg pain on the left side"), Tr. 635 (examination note on June 4, 2009 from Dr. John M. Blair, M.D., that "Straight leg raise test is weakly provocative of radicular leg pain on the left side"); *see also* Tr. 487, 652; Opening Brief, ECF No. 11, pp. 8-9; Reply, ECF No. 16, pp. 4-5).

      Therefore, the ALJ's finding that plaintiff did not have an impairment or combination of impairments that met or medically equaled Listing 1.04A because his impairments were not associated with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss, and, positive straight leg raising test is not a finding based on substantial evidence in the record as a whole, because evidence exists of

all of these symptoms or test results in plaintiff's medical record. The Court also concludes that this error is not harmless error.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The court noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court also noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

Here, the ALJ found that plaintiff's impairments were not associated with particular features that actually are evidenced in the treatment record. As a result, the ALJ relied on this erroneous finding to conclude that plaintiff's impairments did not meet or medically equal a Listed impairment. However, at step-three of the administrative process, if the administration finds that the claimant has an impairment(s) that has lasted or can be expected to last for not less than twelve months and is included in Appendix 1 of the Listings of Impairments, or is equal to a Listed impairment, the claimant will be considered disabled without considering age, education and work experience. *See* 20 C.F.R. § 404.1520(d). Therefore, had plaintiff's impairments been found to have met or

medically equaled a Listed impairment, he would have been found to be disabled. *See id.* Therefore, the error is not irrelevant to the ultimate nondisability conclusion. *Molina*, *supra*, 674 F.3d at 1115 (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted).

However, the Court also concludes that this issue requires further evaluation. Defendant cites to numerous (different) aspects of the medical record that arguably demonstrate a lack of some of these symptoms or test results (*see* Response, ECF No. 15, pp. 5-7). Therefore, the step three determination requires further administrative evaluation, which will require a thorough evaluation of the medical evidence.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)). If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*quoting Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))).

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence

should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292).

Here, outstanding issues must be resolved. *See Smolen, supra*, 80 F.3d at 1292. Further evaluation is required to determine whether or not plaintiff had an impairment or combination of impairments that met or medically equaled the severity of one of the Listed impairments. Furthermore, the decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (*citing Varney v. Secretary of HHS*, 859 F.2d 1396, 1399 (9th Cir. 1988)).

### (3) Did the Commissioner err in his evaluation of the medical evidence in discounting plaintiff's credibility?

The Court already has concluded that the ALJ erred at step three when reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 2. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter.

**(4)   Did the Commissioner err in his evaluation of the medical evidence in arriving at her residual functional capacity assessment?**

Similarly, because the medical evidence must be evaluated anew, if following remand of this matter the ALJ does not find plaintiff disabled at step three, plaintiff's RFC, as a necessity, must be evaluated anew following remand of this matter.

**(5)   Did the Commissioner err by relying on the testimony of a vocational expert which is inconsistent with the Dictionary of Occupational Titles?**

The remainder of the sequential disability evaluation process must be completed anew following remand of this matter, as necessary.

## CONCLUSION

When evaluating whether or not plaintiff had an impairment or combination of impairments that met or medically equaled the severity of one of the Listed impairments, the ALJ erred in his evaluation of the medical evidence.

Based on this reason and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 29th day of May, 2014.

J. Richard Creatura
United States Magistrate Judge